996 F.2d 1141
 UNITED STATES of America, Plaintiff-Appellee,
v.
2350 N.W. 187 STREET, etc., Defendant,
Miguel Columna, International Fidelity Insurance Company,
Associates Financial Services Co. of FL, Inc.,
Federal National Mortgage Association, Claimants,
Fred M. Ganz, Dade County Tax Collector, Claimant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
SINGLE FAMILY RESIDENCE LOCATED AT 3181 S.W. 138TH PLACE,
MIAMI, FLORIDA, together with all appurtenances
thereto and thereon, Defendant,
Gustavo Blanco, Olga Blanco, Glendale Federal Bank, F.S.B.
f/k/a Glendale Federal Savings & Loan Assn., Claimants,
Dade County Property Appraiser, Dade County Tax Collector,
Claimants-Appellants.
 Nos. 91-9110, 92-4340.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 4, 1993.
 
 Thomas W. Logue, Asst. County Atty., Dade County Atty., Miami, FL, for claimant-appellant.
 Dahil D. Goss, Asst. U.S. Atty., Atlanta, GA, Madeleine Shirley, Linda Collins Hertz, Anne M. Hayes, Asst. U.S. Attys., S.D.Fla., Miami, FL, for plaintiff-appellee.
 Bruce M. Hofstadter, Macon, GA, for Associates Financial Services of FL.
 Appeal from the United States District Court for the Northern District of Georgia.
 Appeal from the United States District Court for the Southern District of Florida.
 Before KRAVITCH and COX, Circuit Judges, and HOBBS*, Senior District Judge.
 KRAVITCH, Circuit Judge:
 
 
 1
 These consolidated cases present the question of whether a tax lien resulting from unpaid ad valorem property taxes provides the county tax collector with standing as an innocent owner to challenge a civil forfeiture action under 21 U.S.C. §§ 881(a)(6), (a)(7) (1988). Because the district courts ruled in both cases before the Supreme Court issued its decision in United States v. 92 Buena Vista Ave., --- U.S. ----, 113 S.Ct. 1126, 122 L.Ed.2d 469 (1993), we VACATE the judgments of the district courts and REMAND for reconsideration in light of Buena Vista.
 
 I.
 
 2
 The underlying facts in both cases are not in dispute. In October 1989, the government discovered evidence that the residential property at issue in No. 91-9110, 2350 N.W. 187th Street, Miami, Florida, had been purchased with drug proceeds in 1982. In all relevant years, 1982 to the present, the property was carried on the tax rolls of Dade County. The Dade County Tax Collector (Tax Collector), the claimant in these appeals, collected taxes on the property from 1982 through 1990, but not in 1991. On January 30, 1991, the government filed a Complaint for Forfeiture in Rem against the property under 21 U.S.C. * 1143s § 881(a)(6) & (a)(7).[1] The property was arrested on February 19, 1991. The Tax Collector filed a claim and an answer alleging an interest in the unpaid ad valorem real property taxes due for 1991 up to the date that the district court entered its final order of forfeiture.
 
 
 3
 In No. 92-4340, the government seized the property at 3181 S.W. 138th Place, Miami, Florida, and on June 27, 1990, filed a forfeiture action under 21 U.S.C. § 881. After seizure, the government rented the property to private individuals to use as a residence. The rent, which contained an impound for Florida real estate taxes, was turned over directly to the Glendale Federal Savings and Loan, a private bank with a mortgage on the property. The bank paid Florida real estate taxes on the property for 1988, 1989 and 1990. After the government filed its Complaint for Forfeiture in Rem, the Tax Collector filed a claim for the unpaid ad valorem real estate taxes due for 1991.
 
 
 4
 On cross-motions for summary judgment in both cases, the district courts were asked to decide whether the United States was obliged to honor Dade County ad valorem taxes on the property up to the date that the final order of forfeiture was entered. To answer that question, the district courts first had to address
 
 
 5
 the applicability of the relation back provision of 21 U.S.C. § 881(h), which would cause all ownership in and title to property to vest in [the United States] as of the date of the criminal act giving rise to forfeiture, with the result that, pursuant to the Supremacy Clause, the property [would be] immune from taxation from that time forward.[2]
 
 
 6
 Both district courts granted summary judgment for the government and entered orders of forfeiture on the properties. In so doing, both courts rejected the arguments of the Tax Collector that (1) Dade County was an innocent owner within the meaning of 21 U.S.C. § 881(a)(6); and (2) application of the relation back doctrine contravened the legislative purpose of the statute, interfered with the state's budgetary procedure, and violated the Tenth Amendment to the federal Constitution.
 
 
 7
 In ruling that Dade County was not an innocent owner, both district courts reasoned that the exception in 21 U.S.C. § 881(a)(6) "applies only to owners whose interests vest prior to the date of the alleged act that forms the basis of the forfeiture."[3] Because the tax liens at issue arose after the commission of the illegal act, the county could not be considered an innocent owner. In so holding, both courts relied on Eggleston v. Colorado, 873 F.2d 242 (10th Cir.1989), cert. denied, 493 U.S. 1070, 110 S.Ct. 1112, 107 L.Ed.2d 1019 (1990), which held that a judgment of forfeiture under 21 U.S.C. § 881
 
 
 8
 relates back to the time of the unlawful act, vesting title to forfeited property in the government as of that moment. Forfeiture therefore cuts off the rights of subsequent lienholders or purchasers, subject to the so-called innocent owners exception in section 881(a)(6).
 
 
 9
 Id. at 247.
 
 
 10
 The reasoning in Eggleston, however, was rejected by the Supreme Court in Buena Vista. In a plurality opinion, Justice Stevens wrote that
 
 
 11
 forfeiture does not automatically vest title to property in the Government:
 
 
 12
 "It has been proved that in all forfeitures accruing at common law, nothing vests in the government until some legal step shall be taken for the assertion of its right, after which, for many purposes, the doctrine of relation carries back the title to the commission of the offence." United States v. Grundy, 7 U.S. (3 Cranch) 337, 350-351, 2 L.Ed. 459 (1806).
 
 
 13
 --- U.S. at ----, 113 S.Ct. at 1135. The plurality reasoned that because section 881(a)(6) excepts from forfeiture certain proceeds--proceeds owned by one unaware of their criminal source--that section must be applied before the relation back provision is invoked. "Because the success of any defense available under § 881(a) will necessarily determine whether § 881(h) applies, § 881(a)(6) must allow an assertion of the defense before § 881(h) applies." Id. at ----, 113 S.Ct. at 1137 (emphasis in original).
 
 
 14
 In a concurring opinion, Justice Scalia, joined by Justice Thomas, disagreed with the majority that section 881(a)(6) must be applied before section 881(h). Instead, he reasoned that section 881(h) must be interpreted to mean that title " 'shall vest in the United States upon forfeiture, effective as of commission of the act giving rise to forfeiture.' " Id. at ----, 113 S.Ct. at 1140 (Scalia, J. concurring). Thus, "the statement in § 881(a) that '[t]he following shall be subject to forfeiture to the United States' " is given a meaning that is not absurd. Id. (citing 21 U.S.C. § 881(a)) (emphasis in original). "What the United States already owns cannot be forfeited to it." Id.
 
 II.
 
 15
 Because the Supreme Court issued its opinion in Buena Vista after the district courts ruled on the cross-motions for summary judgment, we VACATE the judgments of the district courts and REMAND for reconsideration of whether Dade County is an innocent owner under 21 U.S.C. § 881(a)(6), and if so, what interest the county has in the unpaid ad valorem property taxes due, but not paid, up to the date the district court enters its final order of forfeiture.
 
 
 16
 VACATED and REMANDED.
 
 
 
 *
 Honorable Truman M. Hobbs, Senior U.S. District Judge for the Middle District of Alabama, sitting by designation
 
 
 [1]
 21 U.S.C. § 881(a) provides in part:
 The following shall be subject to forfeiture to the United States and no property right shall exist in them:
 (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of the owner, by reason of any act or omission established by that owner to have been committed or omitted without knowledge or consent of that owner.
 (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without knowledge or consent of that owner.
 
 
 [2]
 No. 91-9110, R. 2-41 at 7-8
 21 U.S.C. § 881(h) provides:
 All right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section.
 
 
 [3]
 No. 91-9110, R. 2-41 at 11